IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MARY A. AUSTIN, )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-16-503-KEW
 )
NANCY A. BERRYHILL, Acting )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

## OPINION AND ORDER

Plaintiff Mary A. Austin (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **AFFIRMED**.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was 49 years old at the time of the ALJ's latest decision. Claimant completed her education through the seventh grade. Claimant has worked in the past as a waitress and cashier. Claimant alleges an inability to work beginning March 16, 2010 due to limitations resulting from PTSD, anxiety, bipolar disorder, thoracic scoliosis, low back pain, right leg pain, knee pain, chest pain, high blood pressure, bladder problems, dizziness, fatigue,

3

and medication side effects.

**Procedural History**

On September 24, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. After an administrative hearing was conducted by Administrative Law Judge ("ALJ") Richard Kallsnick, he entered an unfavorable decision on May 11, 2012. On March 15, 2015, this Court reversed and remanded the decision for further proceedings.

On August 26, 2015, the ALJ conducted a second administrative hearing in Tulsa, Oklahoma. On November 10, 2015, the ALJ entered a second unfavorable decision. The Appeals Council declined to assume jurisdiction on September 13, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform medium work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) violating agency policy at step five by finding Claimant could perform the representative jobs; (2) violating agency policy at step five by determining representative jobs existed in significant numbers in the regional and national economies which Claimant could perform; and (3) making an improper credibility determination.

**Step Five Determination**

In his decision, the ALJ determined Claimant suffered from the severe impairments of history of disc disease, history of hepatitis C, affective disorder, anxiety disorder, and history of polysubstance abuse. (Tr. 470). The ALJ determined in the RFC that Claimant could perform work at the medium exertional level. In so doing, he found Claimant could lift/carry 50 pounds occasionally and 25 pounds frequently with similar push/pull limits; stand/walk with normal breaks for a total of about six hours in an eight hour workday; sit with normal breaks for a total of about six hours in an eight hour workday; could perform simple unskilled work; could relate to supervisors and co-workers for work-related purposes, but no contact with the general public. (Tr. 473).

After consultation with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of laundry

worker, handpackager, bottling line attendant, conveyer line bakery worker, and small products assembler, all of which the expert determined existed in significant numbers in the national economy. (Tr. 484-85). The ALJ rejected the vocational expert's identification of the additional job of industrial cleaner since Claimant was limited to simple repetitive tasks with a reasoning level of R1. (Tr. 484). As a result, the ALJ determined Claimant was not under a disability from March 16, 2010 through the date of the decision. (Tr. 485).

Claimant contends that the ALJ's addition of the limitation to simple repetitive tasks with an R1 reasoning level in the decision was not reflected in the hypothetical questioning of the vocational expert. It would appear that the ALJ's identification of the laundry worker (DOT #361.684-014), hand packager (DOT #920.587-018), and small parts assembler (DOT #706.684-022) as jobs requiring an R1 reasoning level was incorrect. In fact, the *Dictionary of Occupational Titles* states that these jobs have a reasoning level of R2. It would indeed be inconsistent and disingenuous to accept the ALJ's elimination of the industrial cleaner job (DOT #381.687-018) because its reasoning level exceeds Claimant's RFC but not recognize the same limitation as to the other three R2 jobs identified by the vocational expert and

6

accepted by the ALJ.

However, it is equally clear that the remaining two jobs identified by the ALJ, those of conveyer line bakery worker (DOT #524.687-022) and bottling line attendant (DOT #920.687-042) require a reasoning level of R1 which Claimant could admittedly perform under the ALJ's RFC findings. Identification of any jobs which Claimant could perform under the RFC satisfies the step five requirements. *See* Nunn v. Apfel, 149 F.3d 1191, 1998 WL 321189, *2 (10th Cir. 1998)(Even assuming that claimant's objections to some of the jobs identified by the vocational expert are well taken, if claimant can perform some of the jobs identified, the ALJ can rely on those jobs to find claimant not disabled).

Claimant next contends that the jobs remaining that were identified by the vocational expert do not exist in sufficient numbers for the ALJ to rely upon at step five. Claimant's urging notwithstanding, the multi-factor analysis for assessing whether a job exists in sufficient numbers espoused in Trimiar v. Sullivan, 966 F.2d 1326 (10th Cir. 1992) is inapplicable in cases such as this one where the ALJ evaluated both the numbers in the regional and national economies. Raymond v. Astrue, 2009 WL 4799960, 4 n.2 (10th Cir.).

The question remaining is whether the jobs identified by the

vocational expert exist in sufficient numbers in the national economy. The Tenth Circuit in <u>Trimiar</u> did establish that "[t]his Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a 'significant number' and rejects the opportunity to do so here." <u>Trimiar</u> at 1330. Rather, an ALJ must explicitly set forth a discussion of the factors identified above in determining that the number of jobs a claimant can do exist in significant numbers and an ALJ's finding is sufficient if the record supports a conclusion that the ALJ used a common sense approach in "weighing the statutory language as applied to a particular claimant's factual situation." <u>Johnson v. Colvin</u>, 2014 WL 4215557, 3 (W.D. Okla.). Given the imprecise nature of this analysis, this Court is unwilling to find that 65,000 (bottling line attendant) and 35,000 (conveyer line bakery worker) represent an insignificant number of jobs. *See*, <u>Rogers v. Astrue</u>, 2009 WL 368386, 4 (10th Cir.)(testimony by vocational expert of 11,000 hand packager jobs in the national economy could be relied upon by the ALJ as substantial evidence to support a finding of non-disability). Since at least one job exists in sufficient numbers which is not in conflict with the DOT, the ALJ had substantial evidence to support his step five determination.

Claimant also contends the hypothetical questions posed to the vocational expert did not contain all of her limitations, including problems with anger, depression, and anxiety. The ALJ included restrictions for interaction with the general public and that she took medication which helped her mental condition. (Tr. 525). "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489. The ALJ's questioning did mirror Claimant's verifiable and credible impairments and his RFC findings.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore,

9

the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

DATED this 21st day of March, 2018.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE